ENERCIDA CRUZ, Appellant, v CITY OF NEW YORK et al., Respondents. [787 NYS2d 21]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 21, 2002, which, after a jury trial, denied plaintiff's motion to set aside the verdict, unanimously affirmed, without costs.

The jury's verdict in defendants' favor was not against the weight of the evidence because it rested upon a fair interpretation of the evidence presented at trial (*see McDermott v Coffee Beanery*, 9 AD3d 195, 206 [2004]; *Kennedy v New York City Health & Hosps. Corp.*, 300 AD2d 146 [2002]). The trial court did not err in failing to charge PJI 2:25 (2003), which applies only to negligence per se statutory violations, or PJI 2:29, which covers evidence of negligence based on a violation of an ordinance or regulation. Involved here were purported violations of the Administrative Code of the City of New York and the Rules of the City of New York, which would constitute only some evidence of negligence (*see Elliott v City of New York*, 95 NY2d 730, 734 [2001]); however, in support of this request, plaintiff cited nonexistent Administrative Code § 19-158 and RCNY 2-02, without setting forth their titles, contents or applicability to this matter.

The comments in defense counsel's summation about plaintiff's misstep and fall did not deprive her of a fair trial, given that the misstep characterization was based directly on plaintiff's own testimony. Furthermore, the court immediately gave a curative instruction that the case was about defendants' negligence, if any, and not about plaintiff's actions. Concur—Tom, J.P., Mazzarelli, Saxe, Sullivan and Friedman, JJ.